## WATERS & CO. v. J. H. MADDOX.

*Crockett, Garland & Co.* dissolved partnership, and *Crockett* went into business with *Maddox.* He gave a note in the name of the new partnership, for a debt of the old firm, of which fact the holder was aware. Suit was brought against the new firm on the note. *Held:* Under such circumstances, it was incumbent upon the plaintiff to have shown that the debt had been assumed by the new firm, for the sake of some benefit or credit derived from the assumption.

APPEAL from the Second District Court of New Orleans, *Lea,* J. *Hamner* and *Hays,* for plaintiff. Are editors, owners and publishers of a newspaper, commercial or ordinary partners?

We say they are commercial partners, under the 2796 article of the Code, which says: "Commercial partnerships are such as are formed for the purchase of any personal property and the sale thereof, either in the same state, or changed by manufactory." Proprietors of a newspaper buy and sell paper changed by manufacture. Paper is personal property. Then, under the terms of the law, they are commercial partners. The amount of personal property that is bought and sold, or its relative value to the labor, skill and intelligence of the change produced in its condition, or whether it is sold by the sheet or ream, or by so much for a number of sheets per year, is not the test as to partnership. 'Tis not so nominated in the bond. Is it *personal property?* is it *bought?* is it *sold?* Buying, sawing, and selling timber, forms a commercial partnership. 14 L. R. 244. 3 R. R. 130. An association for distilling, forms a commercial partnership. 15 L. R. 287. When one person furnishes the funds to purchase an article, and another his credit, skill and industry in preparing it for sale, it will constitute a commercial partnership.. 11 R. R. 136. Exchange dealers are commercial partners. 12 R. R. 132. The purchase of slaves in another State, and sale in this, constitutes a commercial partnership. 2 Ann. 876. The publishing of a newspaper is eminently commercial; it is almost formed and sustained by commerce, and by no fair reasoning can it escape the words of the text, or the tendency and leaning of the decisions. Policy and reason alike dictate that all commercial transactions should carry about them solidarity. Dalloz, Dictionnaire de Jurisprudence, partie supplementaire, title Actes de Commerce No. 69; Pardessu, Droit Commercial, No. 1, p. 18.

*E. R. Olcott,* for *Maddox.* By the court:

SLIDELL, J. For the reasons assigned by the district judge, judgment is affirmed.

The following is the judgment of the district court:

"This case is presented upon the issue, made herein by the defendant *Maddox,* that the note sued on was given by his co-partner, *Crockett,* without his consent or knowledge, for a debt due by the firm of *Crockett, Frost & Co.;* and further, that previous to the date of the note, the firm of *J. H. Maddox & Co.* had been dissolved, as between the parties, and that the note was given, as above stated, by *J. W. Crockett* without authority. Defendant further alleges, that the partnership of *J. H. Maddox & Co.* was not commercial, but was a particular partnership, they being engaged in publishing a newspaper. It is not, in my opinion, necessary to examine more than one of the points urged in the defence, viz, that the late firm of *J. H. Maddox & Co.* are not liable for the debt of *Crockett, Frost & Co.* The evidence conclusively shows, that the note sued on was given for a debt of the old firm, by *Crockett,* and that the holder was aware of this fact. Under such circumstances, it was incumbent on the plaintiffs to have shown that the debt had been assumed by the new firm, for the

sake of some benefit or credit derived therefrom. But no such assumption is established by the evidence. The payment of some of the debts of the old firm, without any proof of an obligation to do so, does not establish a contract. The plaintiff must have· known that he was receiving the supposed obligation of *Maddox* for a debt which he, *Maddox*, had no interest in discharging, unless there had been an assumption of the debt by the new firm. The presumption of law is against any such liability, and I do not consider that, "this presumption has been removed by due and satisfactory proof of a contrary intention and agreement." Story, on Partnership, 152. The defendant is not, perhaps, entitled to an absolute judgment in his favor; but am satisfied that the plaintiff is not, under the evidence, entitled to a judgment.

"The court, having duly considered this case, for the reasons assigned in the written opinion this day delivered and on file, it is ordered, adjudged and decreed, that as respects the plaintiffs' claim against the defendant, *J. H. Maddox*, there be judgment of nonsuit."